IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBRA W. FLETCHER, et al., | : |
| | : |
| Plaintiffs, | : **Civil Action No. 21-376-CFC** |
| | : Justice of the Peace Court of the State of |
| v. | : Delaware in and for Sussex County |
| | : No. JP17-20-004268 |
| LERON WILLIAMS, | : |
| | : |
| Defendant. | : |

Leron Williams, Seaford, Delaware.  Pro se Defendant.

## MEMORANDUM OPINION

December 17, 2021
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

Defendant Leron Williams filed a notice of removal on March 15, 2021, of *Fletcher v. Williams*, Case No. JP17-20-004268 (Del. J.P. Ct.). (D.I. 2) Defendant appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) For the reasons discussed below, the Court will remand the matter to the Justice of the Peace Court of the State of Delaware in and for Sussex County for want of jurisdiction.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This case involves a landlord/tenant case filed in the Justice of the Peace Court in and for Sussex County, Delaware. Defendant removed the matter on March 15, 2021. He asserts jurisdiction in this Court by reason of a federal question pursuant to 28 U.S.C. § 1331. (D.I. 2 at 1) He also references 28 U.S.C. §§ 1441(a), 1441(b), 1443(1), 1446(a), 1446(b), and 1446(d). Plaintiff invokes 42 U.S.C. § 1983 for "wrongful disparate tortfeasors/violators of United States law." (*Id.* at 3)

Plaintiffs and other family members notified Defendant that he was required to vacate their mother's home on or before November 1, 2020. (D.I. 2-1 at 1) Defendant was advised that if he did not, his family members would bring an action to evict him from their mother's home. (D.I. 2-1 at 1)

**II.     DISCUSSION**

The removal statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941). A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal

1

jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based upon improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth.*, 809 F.2d at 1010.

Here, Defendant contends there is federal subject matter jurisdiction under 28 U.S.C. § 1331 and attempts to raise a claim under 42 U.S.C. § 1983. Another possible basis for jurisdiction lies under 28 U.S.C. § 1332, diversity jurisdiction.

With respect to federal question jurisdiction, Defendant fails to meet his burden to show that any claims arise under federal law. He invokes 42 U.S.C. § 1983. To state a § 1983 claim there must be allegations that some person has deprived of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Attachments to the Complaint indicate that Plaintiffs Debra W. Fletcher and Christine Williams are family members of Defendant who seek to remove him from their mother's home. There is no indication that either Plaintiff is a state actor. In addition, the notice of removal does not point to any other possible federal claims.

The only other basis for jurisdiction is diversity of citizenship under 28 U.S.C. § 1332. There is not complete diversity of citizenship as is required to invoke diversity jurisdiction. Plaintiff Williams and Defendant are both residents of Delaware.

Defendant did not meet his burden to establish federal jurisdiction. Therefore, the case will be summarily remanded to state court for lack of jurisdiction.

### III.     CONCLUSION

For the reasons discussed above, the case will be summarily remanded to State Court.

The Court will issue an Order consistent with this Memorandum Opinion.